UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHARQUE C. RICHARDS,

                             **Plaintiff,**

vs.                                                          3:22-CV-352
                                                                          (MAD/ML)

UNITED STATES OF AMERICA, *Pride Community
& Dreamers*, and PRIDE COMMUNITY,

                              **Defendants.**
_____

**APPEARANCES:**                                         **OF COUNSEL:**

**SHARQUE C. RICHARDS**
200 Tillary Street
Brooklyn, New York 11201
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      Plaintiff Sharque C. Richards ("Plaintiff") filed a complaint on April 14, 2022, alleging violations of her civil rights against the United States and the "Pride Community and Dreamers." *See* Dkt. No. 1. Plaintiff subsequently moved for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 2, and for the appointment of counsel. *See* Dkt. No. 3. On June 27, 2022, Magistrate Judge Lovric issued an Order and Report-Recommendation granting Plaintiff's IFP motion, denying Plaintiff's motion for appointment of counsel, and recommending dismissal of Plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. No. 6. No objections have been filed to the Order and Report-Recommendation.

      When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments

[presented] to the magistrate judge," the district court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having reviewed the June 27, 2022 Order and Report-Recommendation, Plaintiff's complaint and the applicable law, the Court finds that Magistrate Judge Lovric correctly determined that the complaint should be dismissed. The complaint is largely incomprehensible and, as currently drafted, the Court is unable to meaningfully analyze whether Plaintiff can allege any colorable claim against Defendants. *See Canning v. Hofmann*, No. 1:15-CV-0493, 2015 WL 6690170, *5 (N.D.N.Y. Nov. 2, 2015) ("[H]aving found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Finally, the Court agrees with Magistrate Judge Lovric that Plaintiff should be granted an

opportunity to replead out of deference to her *pro se* status. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("'Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim'") (quotation omitted).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation (Dkt. No. 6) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff shall file her amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 10, 2023
       Albany, New York

Mae A. D'Agostino
U.S. District Judge